IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | |
|---|---|
| TOBIAS A. COSGROVE, | CASE NO. CI10-2290 |
| Plaintiff, | |
| Vs. | COMPLAINT AND DEMAND FOR JURY TRIAL |
| GREAT WEST CASUALTY COMPANY, | |
| Defendant. | |

COMES NOW the plaintiff, by and through his attorney of record, and for his cause of action against the defendant states as follows:

1. This is an action seeking redress for the violation of the rights guaranteed to the plaintiff by the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148, Nebraska common law and the Americans with Disabilities Act, as amended.

2. Jurisdiction of this Court is invoked pursuant to the Nebraska statutes referenced herein, namely, the Nebraska Fair Employment Practices Act and Neb. Rev. Stat. Section 20-148. This Court has jurisdiction over the claims brought pursuant to federal law.

3. Plaintiff filed a complaint of discrimination with the Nebraska Equal Opportunity Commission and the United States Equal Opportunity Commission with respect to the allegations set forth herein. The plaintiff has filed this timely action within 90 days of receipt of the right to sue notice.

4. At all times relevant, the plaintiff was a resident of Sioux City, Woodbury County, Iowa.

5. At all times relevant, the defendant was a corporation and/or business operating within South Sioux City, Dakota County, Nebraska. The plaintiff worked at Great West

000860775D02

Casualty Company. The defendant is an employer as that term is defined by the state and federal laws referenced herein.

6. Plaintiff Tobias A. Cosgrove suffered from discrimination based on his disability and/or the close association with his son, each of whom is a qualified person with a disability as that term is defined by the American with Disabilities Act and the Nebraska Fair Employment Practices Act. Plaintiff and his son (1) have a physical and mental impairment(s) that substantially limits one or more of major life activities; and/or (2) have a record and/or history of such an impairment; and/or (3) the defendant perceived or regarded each as having such an impairment. Plaintiff Tobias A. Cosgrove was able to perform the essential functions of his position with the defendant with reasonable accommodation.

7. From 1990-1994 and again from 1997 through May 28, 2008, plaintiff had been employed with Defendant Great West Casualty Company in a claims attorney position. Plaintiff's work was satisfactory.

8. Since November 2005, the defendant was aware of plaintiff's son's disability. Since February 2008, the defendant was aware of plaintiff's disability. From November 2005 through January 2007, the defendant granted plaintiff's requests for reasonable accommodations. After January 2007 up until plaintiff was terminated on May 28, 2008, the defendant repeatedly denied plaintiff's requests for reasonable accommodations.

9. Plaintiff was wrongfully terminated from his full-time claims attorney position with the defendant on May 28, 2008 for a pretextual reason for seeking reasonable accommodations for his disability and/or his son's disability. Plaintiff's termination was discriminatory.

10. The aforementioned illegal activity occurred while the managers, supervisors and/or employees were acting in the scope and course of their employment with the defendant. All discriminatory acts alleged herein occurred within the State of Nebraska.

11. Defendant's failure to provide reasonable accommodations and/or wrongful termination of the plaintiff were discriminatory in nature and in violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148 and/or the Americans with Disabilities Act, as amended.

12. As a direct and proximate result of defendant's aforementioned illegal conduct, plaintiff has sustained compensatory damages, lost wages and loss of fringe benefits, the total sum of which will be specifically pleaded when ascertained.

13. At all times relevant, the defendant was aware of its duty and obligations under the aforementioned statutes. The defendant's conduct was willful and/or in reckless disregard to plaintiff's statutory rights. Punitive damages under federal law and/or liquidated and/or double/treble damages payable to the common school fund for Nebraska for claims arising under Nebraska law are appropriate.

WHEREFORE plaintiff respectfully requests that this Court assume jurisdiction herein and grant the following relief:

a. Declare the conduct of the defendant to be violative of the rights of the plaintiff under the appropriate federal or state law or laws;

b. Direct the defendant to reinstate and/or instate plaintiff to his previously held position with back pay, all job related benefits and job related increments to which he was entitled, including interest thereon, or find that reinstatement is not appropriate and award him front pay according to law;

c.  Award the plaintiff compensatory damages for inconvenience, humiliation and emotional distress in an amount to be determined by the jury or the Court;

d.  Award the plaintiff punitive damages for the federal violations and/or liquidated and/or double or treble damages for violations of state law against the defendant in an amount to be determined by the jury or the Court;

e.  Enjoin the defendant from any further discrimination against the plaintiff;

f.  Award the plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to him.

TOBIAS A. COSGROVE, Plaintiff

_____ 6/1/20_____
Date

_____
Vincent M. Powers, #15866
Vincent M. Powers and Associates
411 S. 13th Street, #300
P.O. Box 84936
Lincoln, NE 68501-4936
Ph: 402-474-8000
Fx: 402-474-5006

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that a jury trial be held in the above-captioned matter in Lincoln, Lancaster County, Nebraska.

_____
Vincent M. Powers, #15866

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tobias A. Cosgrove<br>3335 Jackson St<br>Sioux City, IA 51104 | From: | St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 32E-2009-00529 | Joseph J. Wilson,<br>Investigator | (314) 539-7816 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*(signature)*     March 3, 2010

James R. Neely, Jr., Director     *(Date Mailed)*

Enclosures(s)

cc:
Craig A. Posson
Sr Associate Corporate Counsel
GREAT WEST CASUALTY CO
1100 West 29th Street
PO Box 277
South Sioux City, NE 68776

Vince Powers
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
Lincoln, NE 68508